IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN JOE MICHALEC,                     )
                                       )
                    Petitioner,        )
                                       )
        v.                             )        Case No. 22-3205-JWL
                                       )
KEVIN PAYNE, Commandant,               )
United States Disciplinary Barracks,   )
                                       )
                    Respondent.        )
                                       )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on the *pro se* petition filed by military prisoner Ryan Joe Michalec for habeas relief pursuant to 28 U.S.C. § 2241.[1]  For the reasons set forth below, the Court concludes that the petition contains both exhausted and unexhausted claims, and it therefore **dismisses the petition without prejudice** to allow petitioner either to pursue exhaustion in the military courts of the unexhausted claim or to resubmit his petition without the unexhausted claim.

Petitioner was convicted in a court-martial of various crimes stemming from his alleged sexual assault of his stepdaughter, and the U.S. Air Force Court of Criminal Appeals (AFCCA) affirmed the convictions on direct appeal.  *See United States v.*

_____

[1] Petitioner submitted his petition on a form for motions made pursuant to 28 U.S.C. § 2255, but because petitioner is challenging his convictions in a military court, respondent and the Court have treated this petitioner as one filed under Section 2241.

*Michalec*, 2021 WL 267668 (A.F.C.C.A. Jan. 26, 2021) (unpub. op.).  The U.S. Court of Appeals for the Armed Forces (CAAF) granted review to address one aspect of petitioner's sentence, and it remanded the case to the AFCCA for clarification.  *See United States v. Michalec*, 81 M.J. 314 (C.A.A.F. June 1, 2021).  The AFCCA clarified the sentence that it was affirming, and the CAAF denied review of that ruling.  *See United States v. Michalec*, 2021 WL 4399669 (A.F.C.C.A. Sept. 24, 2021) (unpub. op.), *rev. denied*, 82 M.J. 112 (C.A.A.F. Nov. 30, 2021).

On September 22, 2022, petitioner filed the instant petition in which he challenges his convictions.  Petitioner has asserted five claims:  (1) error in failing to suppress certain evidence; (2) error in the admission of certain evidence; (3) prosecutorial misconduct; (4) ineffective assistance of trial counsel; and (5) error in allowing a verdict by a non-unanimous panel, in light of the Supreme Court's decision in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020).

The Court first considers the issue of exhaustion.  "A prisoner challenging a court martial conviction through 28 U.S.C. § 2241 must exhaust all available military remedies." *See Gray v. Gray*, 645 F. App'x 624 (10th Cir. 2016) (citing *Khan v. Hart*, 943 F.2d 1261, 1263 (10th Cir. 1991)).  Respondent concedes that petitioner has exhausted his military remedies with respect to his first four claims, all of which petitioner asserted on appeal in the military courts.  Respondent argues, however, that petitioner did not previously assert his fifth claim, relating to a requirement of unanimity, and thus that petitioner failed to exhaust his military remedies with respect to that claim.

A review of the record, including petitioner's appellate briefs, confirms that he did not assert his fifth claim in the military courts.  In arguing that he did raise the issue, petitioner cites to one paragraph in his principal brief (by counsel) on direct appeal to the AFCCA.  In that paragraph, however, which may be found in the conclusion of the section addressing a claim of error by the trial court in admitting certain propensity evidence, petitioner merely argued that the error was not harmless, especially in light of the fact that unanimity among the panel was not required for conviction.  Petitioner did not argue or even suggest in that brief that unanimity was required.  Accordingly, the Court agrees with respondent that petitioner failed to exhaust his remedies in the military courts with respect to his claim that the Constitution required a decision by a unanimous panel at his trial.  *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) (petitioner's claim will not be reviewed on the merits if it was not raised at all in the military courts).

Petitioner has not argued or offered any basis for concluding that his failure to exhaust with respect to that claim should be excused.  Accordingly, the Court is presented with a "mixed" petition that includes both exhausted and unexhausted claims.  The Tenth Circuit has set forth a district court's options in such circumstance as follows:

> The general rules for handling habeas petitions containing a mix of exhausted and unexhausted claims are well-settled.  Faced with such a "mixed petition," a district court has several options:  (1) dismiss the entire petition without prejudice to re-filing after the petitioner either exhausts all claims or resubmits the petition to proceed solely on the exhausted claims, (2) deny the entire petition with prejudice if the unexhausted claims are clearly meritless, (3) apply an "anticipatory procedural bar" to the unexhausted claims and deny them with prejudice if the petitioner would now be procedurally barred from exhausting them in state (or, as here, military) court and cannot demonstrate cause and prejudice to excuse the procedural

default, or (4) retain jurisdiction but abate the habeas proceeding to allow the
petitioner to exhaust all unexhausted claims.

*See Gray*, 645 F. App'x at 625-26 (citations omitted) (citing cases).  The Court concludes

that the best course of action in this case is to dismiss this petition without prejudice, to

allow petitioner either (a) to attempt to exhaust his military court remedies with respect to

the fifth claim and then resubmit his entire petition or (b) to resubmit his petition without

the fifth claim.[2]  As the Court noted in addressing this same issue at length in *Lorance v.*

*Commandant*, 2019 WL 5864883, at *8-9 (D. Kan. Nov. 8, 2019) (Lungstrum, J.), that

course will properly allow the military courts to address in the first instance the merits of

petitioner's unanimity claim (as well as any issue relating to whether petitioner's claim is

procedurally barred or may be raised in a post-conviction proceeding in the military

courts).

IT IS THEREFORE ORDERED BY THE COURT THAT the petition pursuant to

28 U.S.C. § 2241 is hereby **dismissed without prejudice** to allow petitioner either to

pursue exhaustion in the military courts of the unexhausted claim or to resubmit his petition

without the unexhausted claim.

IT IS SO ORDERED.

Dated this 3rd day of February, 2023, in Kansas City, Kansas.

   /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2]  If petitioner resubmits his claims (either with or without the fifth claim) in a new
petition, he should use the proper forms for submission of a petition pursuant to 28 U.S.C.
§ 2241.